KRATOCHVIL v. CITY OF GRAYLING.

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PRESUMPTIONS — AB-
SENCE OF EYEWITNESSES.
   One who dies as the result of an accident to which there are no
   eyewitnesses is presumed to have been free from contributory
   negligence.

2. DEATH—ELECTROCUTION—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   Evidence presented in an action under the death act for loss of
   plaintiff's husband, a sawyer at lumber mill, *held*, not to have
   overcome presumption that decedent who had been electrocuted
   had not been guilty of contributory negligence, where there was
   no evidence decedent had been negligent (CL 1948, § 691.581
   *et seq.*).

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
   Contributory negligence of a plaintiff is now a matter of affirm-
   ative defense in this State with the burden of proving it
   resting on defendant (Court Rule No 23, § 3a, as added in
   1958).

4. DEATH—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE.
   It is necessary in an action for the negligent death of plaintiff's
   decedent, brought under the death act, that defendant be shown
   to have been guilty of negligence which was the proximate
   cause of the decedent's death (CL 1948, § 691.581 *et seq.*).

5. SAME—NEGLIGENCE—PROXIMATE CAUSE—FINDING BY TRIAL COURT.
   It is necessary that the trial court in the first instance, rather
   than the Supreme Court, make a finding that the death of
   a plaintiff's decedent was proximately caused by negligence of

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence § 293.
[3] 38 Am Jur, Negligence § 286.
[4] 16 Am Jur, Death § 77.
[6] 39 Am Jur, New Trial § 121.

defendant, in order to hold latter liable in an action under the death act (CL 1948, § 691.581 *et seq.*).

6. NEW TRIAL—DEATH—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

A complete new trial, and not a trial limited to damages only, is required in action under the death act for alleged negligence of defendant in electrocuting plaintiff's decedent, where at the first trial the trial court made no finding, one way or the other, as to defendant's negligence and erroneously found plaintiff's decedent to have been guilty of contributory negligence (CL 1948, § 691.581 *et seq.*).

Appeal from Crawford; O'Keefe (Dennis J.), J. Submitted June 5, 1962. (Docket No. 6, Calendar No. 49,280.) Decided October 1, 1962.

Case by Ruth Kratochvil, administratrix of the estate of Wencil E. Kratochvil, against the City of Grayling, a municipal corporation, under the death act for damages resulting from electrocution of deceased. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Miltner & Miltner* (*Frank H. Miltner,* of counsel), for plaintiff.

*Running & Wise* (*William L. Wise,* of counsel), for defendant.

DETHMERS, J. Plaintiff brought this suit on March 3, 1960, under the wrongful death act,* as administratrix of the estate of her deceased husband, Wencil E. Kratochvil, hereinafter called decedent. The case was tried by the court without a jury. From judgment of no cause for action and denial of her motion for new trial, plaintiff appeals.

Decedent was employed as a sawyer by a lumber

---

* CL 1948, § 691.581 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.711 *et seq.*).—REPORTER.

company. From the sawing operation the sawdust was blown through a sectional exhaust pipe to a sawdust pile. When the pipe became plugged with sawdust it was decedent's duty to clean it. The pipe extended up the side of the sawdust pile and over the top of it. A path used for climbing to the top of the pile extended alongside the pipe.

The defendant city owned and operated an electric power plant. Under easement it had constructed a 4,800-volt, uninsulated power line across the place where the pile was located. At the time in question it was about 7 feet above the top of the pile. Rain the previous day had left the pile wet.

Defendant frequently had cautioned decedent's employer about the dangers of having the sawdust piled so near to the power line. On a number of occasions the pile, for that reason, had been moved by bulldozers. Decedent and his fellow employees also had been warned of the danger in connection with the power line.

On the morning in question decedent had started the saw engine, was seen to work at it, then to sit down for a while, and then to try to start the engine again. After some logs had been cut decedent and a fellow employee piled them at a location some 100 feet distant. After that, decedent was not seen for about 1 hour. Then a fellow employee found his dead body, lying on a sort of plateau in the side of the sawdust pile. No one had seen him die. No one had seen him climb the pile. It was testified that he had turned off the saw, but left the sawdust blower going.

At the top of the wet pile it was found that the sawdust freshly blown there that morning was disturbed, as if someone had walked there. There was a gap of about 8 feet in the blower pipe at the top of the pile, under the power line. A corresponding

length of such pipe was found down the side of the pile. A fresh depression in the sawdust at the top of the pile was found about 10 feet distant from where the gap in the pipe existed and where the power line crossed. It looked like something had landed there and then rolled down. Beyond this depression and down the side of the pile the sawdust was disturbed in a straight line to the point, further down, where decedent's body was found. Medical testimony indicated that a human body receiving a powerful electric shock could be hurled through the air from 8 to 15 feet.

The coroner was called immediately. He, together with the sheriff and a deputy, came, examined the scene and talked with persons present, including decedent's fellow employees. He found what appeared to be 2 burn marks on decedent's lower lip, 1 under his chin, and a bluish discoloration of his left cheek which he testified is caused by electrical shock. There were no burns or marks on decedent's hands or elsewhere on his body. His gloves were found lying near the pipe at the top of the pile. The coroner then prepared a death certificate, certifying that death was caused by electrocution.

Plaintiff's declaration alleged that decedent's death was by electrocution caused by defendant's negligence. Defendant's answer denied that death was caused by electrocution, denied its own negligence, and affirmatively pleaded contributory negligence on decedent's part. Plaintiff, by reply, denied the latter.

After trial, the court filed a written opinion in which no finding was made one way or the other as to whether defendant was guilty of negligence which was a proximate cause of decedent's death. Under the facts recited above, we could not have held that it was against the clear preponderance of the evi-

dence for the trial court to have found, had it so found, that decedent's death was caused by electrocution resulting from negligence of defendant which was a proximate cause thereof.

The opinion of the trial court, in finding against plaintiff, as a ground therefor, limited itself to consideration of its finding that decedent had been guilty of contributory negligence.

Plaintiff properly cites *Kruis* v. *Grand Rapids, G. H. & M. R. Co.*, 190 Mich 105, for the proposition that when no one saw the accident and there is no evidence to the contrary, decedent is presumed to have been free from contributory negligence. Plaintiff started with the benefit of that presumption. The trial judge said, however, that the presumption was overcome by testimony. We find no such testimony in the case. There is not one word of testimony as to what decedent did or how he came to be electrocuted, other than that it is a reasonable inference that he was on the top of the wet pile and that while there current from the high voltage wire passed into his body, killing him and causing him to be hurled violently into the sawdust and to roll part way down the pile. The court and defendant say that decedent knew or should have known of the presence of the dangerous wire and have avoided contact. The court, in this connection, quoted from 18 Am Jur, Electricity, § 76, the following:

"Where a person seeing such a wire knows that it is, or may be, highly dangerous, it is his duty to avoid coming in contact therewith, rather than to accept its presence as an invitation to make such contact. Accordingly, a person who, knowing of the dangerous character of electric wires, purposely comes in contact with them is guilty of contributory negligence and cannot recover for the resulting injury."

This seems to be at the bottom of the court's finding decedent guilty of contributory negligence. But there is no evidence that decedent accepted an invitation to make contact with the wire, or purposely came in contact with it. It is not shown whether, as plaintiff suggests may have happened, he was holding a section of the pipe and accidentally stumbled in such fashion that it came in contact with the wire and his face or what did happen. That leaves plaintiff, then, where she started, with the benefit of the presumption mentioned in the *Kruis Case.* Furthermore, since that case was decided in 1916, something new has been added. In 1958 this Court adopted Michigan Court Rule No 23, § 3a,* changing the rule theretofore obtaining in Michigan and providing, as to contributory negligence of a plaintiff, that it is a matter of affirmative defense with the burden of proving it resting on defendant. No such proof is to be found in this case. The case should, therefore, be reversed and remanded for new trial.

Plaintiff requests that on remand the issue to be tried be limited solely to fixing of plaintiff's damages. As already indicated, no determination of defendant's negligence or, if any, whether it was a proximate cause of decedent's injury and death and plaintiff's damages, was made in the court below. Before plaintiff may recover, that finding of fact must be made. That is not the proper function of this Court. It must be made, if at all, by the trial court. Plaintiff says the court could not have found decedent guilty of contributory negligence without first having found defendant guilty of negligence which was a proximate cause. The point is that the trial court, nevertheless, did decide on contributory negligence of decedent without ever having decided the question of defendant's negligence and proximate cause

---

* See 352 Mich xiv.—REPORTER.

thereof at all, as amply appears from its opinion. Plaintiff cites *Shpakow* v. *Brown,* 300 Mich 678, and *Shaver* v. *Associated Truck Lines,* 322 Mich 323, to the effect that we must assume the court made every finding of fact which was necessary to his decision. In those cases the findings in question were necessary to the lower court's decision for the prevailing party and affirmance thereof here. In the instant case findings of defendant's negligence and proximate cause were not necessary to decision of the case in its favor. It cannot be assumed, therefore, that such finding was made, and the cited cases are no authority for so holding. Accordingly, we must remand for complete new trial. Costs to plaintiff.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.