PINE RIDGE COAL COMPANY v CRONIN

1. MORTGAGES—PAYMENT—ACCEPTANCE—PROTEST.

A finding that payments by a mortgagor to a mortgagee in the amounts and at the times the payments were due by checks which included on the face the notation "partial payment for real estate mortgage" were payments on the mortgage, despite the fact that the mortgagee wrote "without my approval" and other similar phrases on the payment checks before cashing them and retaining the money and testified at trial that the checks were in payment of a separate contract, is affirmed where supported by the evidence.

2. APPEAL AND ERROR—RELIEF—FINDINGS OF FACT.

The Court of Appeals will not make changes in an order of the trial court discharging a mortgage where the changes requested require new findings of fact.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 April 11, 1972, at Detroit. (Docket No. 11911.) Decided May 30, 1972.

Complaint by Pine Ridge Coal Company against Richard B. Cronin for a determination that a mortgage is discharged. Judgment for plaintiff. Defendant appeals. Affirmed in part and remanded in part for further proceedings.

*Berry, Moorman, King, Lott & Cook,* for plaintiff.

Richard B. Cronin, *in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur 2d, Mortgages § 391.
[2] 5 Am Jur 2d, Appeal and Error § 749.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

O'Hara, J. Defendant, a nonlawyer, appeals of right *in propria persona* from a judgment adverse to him in the Wayne Circuit Court.

In the trial court, the matter was brought on by an order to show cause why a certain mortgage should not be discharged pursuant to MCLA 600.3175; MSA 27A.3175. All of the mortgagees save appellant executed a discharge.

The trial judge granted the relief sought.

It is not disputed that appellant received the same amount in payment as did the other mortgagees. The difference is that appellant here contends that the payments made to him, identical in time and amount as the others, were really made to him by the mortgagor pursuant to a commission arrangement based on amounts of tonnage that appellant was able to induce shippers to unload over the dock property which was the subject of the mortgage.

There is no dispute that upon receipt of the like payments as the other mortgagees, appellant cashed the checks and retained the amounts paid. In each case, the mortgagor included on the face of the checks this statement, "Partial payment for real estate mortgage". On each check he received, appellant before he cashed it, added legends in substance, as follows: "Protest Richard B. Cronin does not waive his rights on property" and "Without my approval" and similar phrases.

In effect, the trial judge held that the protests, if indeed they can properly be called protests, were

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 amended in 1968.

legally insufficient, that appellant in fact was paid all he had coming under the instrument in question, and that if appellant was owed commissions by the mortgagor as a result of some commission agreement, such debt was the subject of a separate claim and irrelevant to the issue presented by the show-cause and petition for order of discharge.

It should be, and is, noted here that appellant also claimed the mortgage was a nullity for want of proper execution, and that the mortgagor did not in fact own the mortgaged property.

One regrettable aspect of this litigation is that the four mortgagees are (were) brothers and sister. Appellant suggests an intra-family conspiracy of sorts, and that he alone is trying to carry on the family affairs in a proper manner. The involved property was owned at one time by the mortgagees' parents.

It is manifest that appellant is deeply distressed by the outcome of the litigation. He pressed his cause in an orderly and not totally unprofessional manner before us. Unfortunately for him, his position is legally unsound. The evidence adduced below supports the trial judge's finding. We can do nought but affirm.

Appellee, too, seeks relief from us. It asserts that the order discharging the mortgage contains a "clerical" error, under GCR 820.1(1). The relief sought includes amending the order below to change the liber number from 153336 to liber 15336. Appellee also asks to make various other changes in the order more particularly describing the original mortgage and certain assignments thereof.

We decline. Were the relief sought limited to what appears to be simply an additional digit in the liber number, and thus perhaps a manifest

typographical error, we would be disposed to grant the relief requested.

We note particularly that the original instrument was not produced in the court below. Defendant challenged it in that court. We believe it would be an overuse of appellate authority to make what amounts to findings of fact on appeal, and merely on representations of the appellee in his brief.

As to this aspect of the case, we remand to the trial court for such proceedings as are necessary to adduce proof in support of the allegations made.

No costs, neither party having prevailed in full.

All concurred.