ZENIUK v RKA, INC

Docket No. 119801. Submitted November 8, 1990, at Detroit. Decided
May 6, 1991, at 10:05 A.M.

Criston Zeniuk brought an action in the Oakland Circuit Court
against R.K.A., Inc., alleging wrongful discharge. The plaintiff
alleged that he was entitled to be dismissed only for just cause
on the basis of the termination policy in the company's em-
ployee handbook. The defendant moved for summary disposi-
tion on the ground that the plaintiff failed to file a timely
demand for arbitration under the mandatory discharge arbitra-
tion procedure set forth in the employee handbook. The plain-
tiff argued that he never received an employee handbook and
was unaware that his sole remedy was arbitration. The defen-
dant responded that the plaintiff's explicit and sworn factual
statements in his complaint regarding the handbook demon-
strated that he had knowledge of and familiarity with the
provisions of the handbook. The court, David F. Breck, J.,
denied the motion on the ground that there were questions of
material fact about whether the plaintiff had received the
handbook. The defendant was granted leave to appeal.

The Court of Appeals *held:*

The defendant's motion should have been granted because
there is no issue of material fact and the defendant is entitled
to judgment as a matter of law.

1. If the plaintiff is entitled to rely on the handbook to
support his claim that he may be terminated only for just
cause, then he is also bound by the other terms relative to the
policy in the handbook which provide that any claim of termi-
nation without just cause must be made by filing a grievance
and a request for arbitration. Plaintiff did not file a grievance
or make a request for arbitration. Having failed to pursue his
remedy as provided by the company policy, the plaintiff may
not pursue in circuit court a wrongful discharge claim based on
that policy.

2. The plaintiff was required to show that the just-cause

REFERENCES
Am Jur 2d, Labor and Labor Relations § 9.
See the Index to Annotations under Labor and Employment.

policy was communicated to him in order to take advantage of the policy. Because he did not claim that the policy was communicated to him other than through the handbook, he is bound by the obligations as well as the benefits of the policy as expressed in the handbook.

Reversed and remanded for entry of an order granting the defendant's motion for summary disposition.

WAHLS, J., dissenting, stated that the plaintiff's claim is not defeated solely because he had general knowledge of the defendant's just-cause termination policy. The plaintiff is not required to know the specific terms of the just-cause termination clause in the handbook in order to show that he had a legitimate expectation that it would be applied to him; rather, all that is required is that he had general knowledge of the policy and its applicability to him. A question of material fact existed regarding whether the plaintiff received the employee handbook and therefore was aware of and subject to the arbitration policy.

MASTER AND SERVANT — TERMINATION FOR CAUSE — EMPLOYEE HANDBOOKS.

An employee who claims entitlement to dismissal only for just cause on the basis of the termination policy in a company handbook is also bound by other terms in the handbook relative to the making of claims under the policy.

*Poplar & Kalis, P.C.* (by *Michael L. Kalis*), for the plaintiff.

*Keywell & Rosenfeld* (by *Gary W. Klotz* and *Kari J. Sperstad-McElyea*), for the defendant.

Before: REILLY, P.J., and WAHLS and DOCTOROFF, JJ.

REILLY, P.J. Defendant appeals by leave granted from an order of the Oakland Circuit Court denying its motion for summary disposition, MCR 2.116(C)(10), of plaintiff's complaint, which alleged wrongful discharge. We reverse.

Plaintiff was hired by defendant in October 1987 as a part-time general contract laborer. In July 1988, plaintiff became a full-time employee, and in

October 1988, plaintiff was promoted to the position of evening supervisor.

On December 23, 1988, plaintiff and his immediate supervisor were suspended without pay for allegedly misappropriating company funds. However, on January 15, 1989, plaintiff's immediate supervisor confessed that she, acting alone, misappropriated the funds in question. Despite plaintiff's exoneration, he was fired on February 16, 1989, on the ground that he allegedly falsified company records.

Plaintiff filed his complaint alleging wrongful discharge on April 11, 1989. Plaintiff claimed he was entitled to be dismissed only for just cause because defendant promulgated a just-cause termination policy in the company handbook.

Defendant moved to dismiss the complaint, arguing, inter alia, that plaintiff was an employee with seniority status. Defendant's employee handbook contained a "discharge arbitration procedure" which stated that "discharge arbitration" was the sole remedy available to employees with seniority status. The arbitration procedure required a discharged regular employee with seniority status to file a grievance with defendant within thirty days after the discharge and a written request for arbitration within thirty days after defendant's response to the employee's grievance. Plaintiff did not file a grievance or a written request for arbitration. Thus, defendant argued, it was entitled to summary disposition dismissing plaintiff's breach of employment contract claims on the ground that plaintiff failed to file a timely demand for arbitration under the mandatory "discharge arbitration" procedure set forth in the employee handbook.

In response to defendant's motion for summary disposition, plaintiff argued that he never received an employee handbook and was unaware that his

sole remedy was arbitration. Defendant responded that plaintiff made explicit and sworn factual statements in his complaint regarding the employee handbook which demonstrated that plaintiff had knowledge of and familiarity with the provisions of the handbook.

The trial court denied defendant's motion for summary disposition with respect to the breach of employment contract claims in counts I, II, and III of plaintiff's complaint on the ground that "there are questions of material fact about whether or not plaintiff received the employee handbook." Defendant appeals from that portion of the trial court's decision.

A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual support for a claim. In ruling on the motion, the trial court must consider the pleadings, affidavits, depositions, and other documentary evidence submitted by the parties. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). Giving the benefit of any reasonable doubt to the nonmoving party, the test is whether the kind of record which might be developed will leave open an issue upon which reasonable minds might differ. *Id.* This Court is liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988). Nonetheless, where the opposing party fails to come forward with evidence, beyond the allegations or denials in the pleadings, to establish the existence of a material factual dispute, the motion is properly granted. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987); MCR 2.116(G)(4).

Defendant's motion for summary disposition under MCR 2.116(C)(10) should have been granted because there is no issue of material fact and

defendant is entitled to judgment as a matter of law.

Plaintiff claims that he was entitled to be dismissed only for just cause because the employer promulgated a just-cause termination policy in the company handbook. Plaintiff was either an employee who could be terminated for just cause only or he was an at-will employee. If the plaintiff is entitled to rely on the handbook to support his claim that he is a just-cause employee rather than an at-will employee, then he must also be bound by the other terms of the just-cause policy in the handbook, i.e., that any claim of termination without just cause must be made by filing a grievance and a request for arbitration. Plaintiff may not claim only the benefits of a stated policy while rejecting the concomitant obligation to file a grievance and request arbitration in order to enforce those benefits.

Plaintiff further argues that he is entitled to the benefits of the company policy as expressed in the handbook, even though he did not receive a copy of the handbook. If plaintiff did not receive a copy of the handbook, and didn't know its contents, how can he claim he is a just-cause employee? *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), requires a communication of the policy, not just a subjective expectation. Plaintiff does not claim that the company's just-cause policy was communicated to him other than through the handbook. He has not offered any basis, other than the handbook, for his claim that he is a just-cause employee. Either he is a just-cause employee because the company communicated that policy to him or he is simply an at-will employee with no remedy for his termination. If he is a just-cause employee, he is bound by the obligations as well as the benefits of that policy.

The parties agree plaintiff filed neither a grievance nor a request for arbitration. Having failed to pursue his remedy as provided by the company policy, plaintiff cannot now pursue in circuit court a wrongful discharge claim based on that policy.

Reversed and remanded for entry of an order granting defendant's motion for summary disposition under MCR 2.116(C)(10).

Doctoroff, J., concurred.

Wahls, J. *(dissenting)*. In this case, I am of the opinion that the question whether plaintiff received the employee handbook and was thus aware of and subject to defendant's arbitration policy presented a question of material fact for the factfinder's determination. Therefore, I respectfully dissent.

In addition to his response to defendant's motion for summary disposition, plaintiff presented his own sworn affidavit in which he argued that he never received an employee handbook and was unaware that his sole remedy, following discharge, was arbitration. In response, defendant argued that plaintiff's sworn factual statements, in his complaint, established plaintiff's knowledge of and familiarity with the employee handbook. However, in rebuttal, plaintiff argued that while he was told about the general terms of employment in the employee handbook, i.e., that defendant would terminate plaintiff only upon just cause, through other employees, plaintiff never received or viewed the actual handbook. Further, plaintiff argued that his reference to an "employee guide" (not an "employee handbook") in the complaint was not so clear, intelligent, and unequivocal as to constitute knowledge of the employee handbook in its entirety. Notably, plaintiff's complaint does not cite

or reference any specific sections or paragraphs of defendant's employee handbook.

A motion for summary disposition on the ground that there is no general issue of material fact tests the factual support for a claim. *Leitch v Switchenko,* 169 Mich App 761, 765; 426 NW2d 804 (1988). Before granting a motion for summary disposition made pursuant to MCR 2.116(C)(10), the court must consider the affidavits and the pleadings as well as all other evidence, and be satisfied that it is impossible for the claim to be supported at trial because of some deficiency that cannot be overcome. *Schippers v SPX Corp,* 186 Mich App 595, 596; 465 NW2d 34 (1990). Courts are liberal in finding that a genuine issue exists, giving all benefits of doubt and resolving all reasonable inferences in favor of the nonmoving party. *Slaughter v Smith,* 167 Mich App 400, 403; 421 NW2d 702 (1988).

MCR 2.116(G)(4) provides that "an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." Thus, unlike the plaintiff in *Morganroth v Whitall,* 161 Mich App 785; 411 NW2d 859 (1987), who failed to file any response to the defendant's summary disposition motion and did not come forward with evidence to support a finding that a genuine issue of material fact existed, in this case the plaintiff's claim could not be defeated on the ground that he based his opposition to defendant's summary disposition motion on the mere allegations and denials in his pleadings.

The majority argues that if the plaintiff is entitled to rely on the handbook in support of his claim that he is a just-cause employee, then he is also bound by the other terms of the just-cause

policy in the handbook, namely, that he is subject to the terms of the arbitration policy stated therein. I disagree.

A provision in an employment contract which provides that an employee shall not be discharged except for cause is legally enforceable whether the provision is an express agreement, oral or written, or is the result of an employee's legitimate expectations grounded in an employer's policy statements. These legitimate expectations may be grounded in an employer's written policy statements as set forth in a manual of personnel policies. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598-599; 292 NW2d 880 (1980); *Renny v Port Huron Hosp,* 427 Mich 415, 428; 398 NW2d 327 (1986).

> While an employer need not establish personnel policies or practices, where an employer chooses to establish such policies and practices and makes them known to its employees, the employment relationship is presumably enhanced. The employer secures an orderly, cooperative and loyal work force, and the employee the peace of mind associated with job security and the conviction that he will be treated fairly. No preemployment negotiations need take place and the parties' minds need not meet on the subject; *nor does it matter that the employee knows nothing of the particulars of the employer's policies and practices or that the employer may change them unilaterally. It is enough that the employer chooses, presumably in its own interest, to create an environment in which the employee believes that, whatever the personnel policies and practices, they are established and official at any given time, purport to be fair, and are applied consistently and uniformly to each employee.* [*Toussaint, supra,* p 613. Emphasis added.]

A plaintiff is not required to know the specific

terms of a just-cause termination clause in an employee handbook; only knowledge of the employer's policy and its applicability to the plaintiff is required. See *Rasch v East Jordan,* 141 Mich App 336, 345; 367 NW2d 856 (1985). Therefore, in this case, plaintiff's claim is not defeated solely because he had general knowledge of defendant's just-cause termination policy.

While Michigan's public policy favors arbitration in the resolution of disputes, it is well settled that arbitration is a matter of contract. *Grand Rapids v Fraternal Order of Police,* 415 Mich 628, 634-635; 330 NW2d 52 (1982). An arbitration agreement is a contract, requiring the mutual assent of the parties, by which all the parties agree to forego their rights to proceed with a court action and, instead, to submit their disputes to a panel of arbiters. *Horn v Cooke,* 118 Mich App 740, 744; 325 NW2d 558 (1982). Arbitration is a matter of contract, and a party cannot be required to submit to arbitration an issue which he has not agreed to submit. *John Wiley & Sons, Inc v Livingston,* 376 US 543, 546-547; 84 S Ct 909; 11 L Ed 2d 898 (1964); *United Steelworkers of America v Warrior & Gulf Navigation Co,* 363 US 574, 582; 80 S Ct 1347; 4 L Ed 2d 1409 (1960); *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95, 98; 323 NW2d 1 (1982); *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583, 587; 227 NW2d 500 (1975); *Omega Construction Co, Inc v Altman,* 147 Mich App 649, 655; 382 NW2d 839 (1985). *Grosse Pointe Farms Police Officers Ass'n v MERC,* 53 Mich App 173, 176-177; 218 NW2d 801 (1974).

> Except where a compulsory arbitration is provided by statute, the first step toward the settlement of a difference by arbitration is the entry by

the parties into a valid agreement to arbitrate. An agreement to arbitrate is a contract, the relation of the parties is contractual, and the rights and liabilities of the parties are controlled by the law of contracts. [*Id.,* p 177 (quoting 5 Am Jur 2d, Arbitration & Award, § 11, p 527).]

Thus, the threshold inquiry in determining whether a matter is subject to arbitration is whether an arbitration agreement exists. *Roberts v McNamara-Warren Community Hosp,* 138 Mich App 691, 694; 360 NW2d 279 (1984). The burden is on the defendant to show that plaintiff knowingly, intelligently, and voluntarily waived his right to court access. *Id.; Moore v Fragatos,* 116 Mich App 179, 186; 321 NW2d 781 (1982).

In this case, plaintiff claimed in his supporting affidavit that he did not receive an employee handbook, and did not have knowledge of the arbitration agreement contained therein. Whether plaintiff is subject to the arbitration agreement is a question of material fact in this case. Where the truth of a material factual assertion of a movant's affidavit depends on the affiant's credibility, there inheres a genuine issue to be decided at trial by the trier of fact and a motion for summary disposition cannot be granted. *Brown v Pointer,* 390 Mich 346, 354; 212 NW2d 201 (1973). Close factual questions are the stuff of which trials are made and are not properly subject to disposition on motions for summary disposition. *Lewis v Metropolitan Life Ins Co,* 397 Mich 481, 484; 245 NW2d 9 (1976).

In sum, giving the benefit of every reasonable doubt to the plaintiff and resolving all reasonable inferences in plaintiff's favor, I am not satisfied that it would be impossible for plaintiff to support his claim at trial. Summary disposition is never proper when an issue of material fact is present, and it is an overuse of appellate authority to make

what amounts to findings of fact on appeal. See
*Pine Ridge Coal Co v Cronin,* 41 Mich App 255,
258; 199 NW2d 876 (1972); *Kratochvil v Grayling,*
367 Mich 682, 687; 117 NW2d 164 (1962); *Warren
Tool Co v Stephenson,* 11 Mich App 274, 303; 161
NW2d 133 (1968).