993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael McKOLAY, Plaintiff-Appellant,
v.
RED SPOT WESTLAND, INC., an Indiana corporation, Defendant-Appellee.
 No. 92-1252.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1993.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 In this Michigan wrongful discharge case, plaintiff Michael McKolay challenges the district court's entry of summary judgment for defendant Red Spot Westland, Inc. We now AFFIRM.
 
 I.
 
 2
 Plaintiff interviewed for employment with defendant in April 1987. At that time, plaintiff signed an application for employment which provided, in pertinent part:
 
 
 3
 If an employment relationship is established, I understand that I have the right to terminate my employment at any time and that Red Spot Paint & Varnish Company retains a similar right.
 
 
 4
 In May 1987, defendant hired plaintiff in a non-union clerical capacity. Plaintiff remained in defendant's employ for several years, doing satisfactory work and receiving promotions and pay raises. However, from 1987 to 1990, defendant experienced financial difficulties precipitated by the purchase of an additional manufacturing facility. During this time, defendant reduced its work force and cut back on raises, overtime wages, and other expenses. Ultimately, defendant discharged plaintiff.
 
 
 5
 Plaintiff brought suit, alleging that defendant had breached its "just cause" employment contract with plaintiff, relying on Toussaint v. Blue Cross & Blue Shield, 408 Mich. 579, 292 N.W.2d 880 (1980). The district court held that plaintiff had failed to show a basis for finding a just cause employment contract in light of the initial disclaimer of plaintiff's employment application, and entered summary judgment for defendant.
 
 II.
 
 6
 In Toussaint v. Blue Cross & Blue Shield, 408 Mich. 579, 292 N.W.2d 880 (1980), the Michigan Supreme Court held that a just cause employment contract could be based on either an express agreement or "an employee's legitimate expectations grounded in an employer's policy statements." Id. at 598, 292 N.W.2d at 885. Toussaint did not create a special right to employment, but simply allows enforcement of contracts for just cause employment. Valentine v. General Am. Credit, Inc., 420 Mich. 256, 258-59, 362 N.W.2d 628, 629 (1984). Thus, we must determine whether a just cause employment contract existed between plaintiff and defendant, recognizing that employment contracts in Michigan are presumptively at will. Toussaint, 408 Mich. at 596-97, 292 N.W.2d at 883-84.
 
 A.
 
 7
 Plaintiff first contends that he falls under the "just cause" provision of defendant's collective bargaining agreement (CBA)[1] because, even though Plaintiff is not a union member, he was allegedly told it applied to all employees. We find this argument meritless.
 
 
 8
 We find it difficult to understand how plaintiff, a non-union employee, can legitimately believe the CBA applies to him when the CBA plainly applied only to the parties to it, namely defendant and the union members. Although plaintiff contends that he was told it applied to all employees, he cannot cite a specific conversation regarding the applicability of the just cause provision. Further, even if the CBA's just cause provision applied to plaintiff, it would require plaintiff to follow the entire provision, not merely those portions of it which plaintiff finds beneficial. Zeniuk v. R.K.A., Inc., 189 Mich.App. 33, 37, 472 N.W.2d 23, 25 (1991). The just cause provision plainly states that it is "subject to the grievance procedure." Thus, plaintiff would have had to exhaust his remedies under the CBA's grievance procedures before bringing suit. In sum, we cannot find any objective basis for plaintiff's subjective beliefs regarding the CBA's application; therefore, we find that the CBA did not create a legitimate expectation in just cause employment. See Rowe v. Montgomery Ward & Co., 437 Mich. 627, 639-40, 473 N.W.2d 268, 273 (1991) (legitimate expectation must be based on objective intent as shown by express words and visible acts of parties); Longley v. Blue Cross & Blue Shield, 136 Mich.App. 336, 340-41, 356 N.W.2d 20, 22 (1984) (both subjective and objective basis for expectation is required).
 
 B.
 
 9
 Plaintiff also argues that a set of written work rules which listed reasons for discipline or termination created a legitimate expectation in just cause employment. We disagree.
 
 Defendant's work rules provide that:
 
 10
 The following list of rules is not all-inclusive. The Company reserves the right to change this list as conditions require and to discipline any employee for any offense not specifically listed in any manner which in the opinion of the Company is appropriate to the seriousness of the offense.
 
 
 11
 Plainly, defendant disclaimed the work rules as exclusive bases for discharging an employee. Toussaint indicates that such disclaimers preclude a plaintiff from relying on policy statements to support a legitimate expectation in just cause employment. Toussaint, 408 Mich. at 619, 292 N.W.2d at 894-95. Thus, we find that the disclaimer included in the work rules precludes us from finding that they support a legitimate expectation in just cause employment.
 
 C.
 
 12
 Plaintiff's final argument is that he had a legitimate expectation of just cause employment because of statements made by defendant's former personnel manager, Patricia Barr. This contention is also without merit.
 
 
 13
 Plaintiff contends that Barr explained defendant's just cause employment policy at staff meetings which plaintiff attended. Barr stated in deposition that it was her understanding that employees of defendant would be discharged only for cause. However, neither plaintiff nor Barr pointed to specific discussions regarding plaintiff's job security with defendant. Indeed, in deposition plaintiff admitted there were none. In light of this lack of specificity, any representations created only a subjective belief on plaintiff's part that he would be terminated only for cause. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 264 (6th Cir.1990); Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 535 (6th Cir.), cert. denied, 498 U.S. 940 (1990). A subjective belief is not enough to support a legitimate expectation in just cause employment.
 
 
 14
 For all the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The CBA provides in Art. IV, § 1 that:
 [I]t is further recognized that it is the right and responsibility of the Company for management of the working force including the hiring, discharge, promotion, demotion and rehire of employees; and the reduction or increase in the working force including the hiring, discharge, promotion, demotion and rehire of employees; and the reduction or increase in the working force, the suspension or other discipline of employees for just cause, subject to the grievance procedure, the adoption and enforcement of working rules and the adoption of such measures as management may determine to be necessary for the orderly, efficient and profitable operation of the business. The Company agrees that none of these rights as herein set forth shall be exercised in a manner inconsistent with the express provisions of this Agreement. (emphasis added)