# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM PINCOMB,

Plaintiff-Appellant,

v

DIVERSIFIED INVESTMENT VENTURES,
LLC,

Defendant-Appellee.

UNPUBLISHED
February 16, 2016

No. 324989
Oakland Circuit Court
LC No. 2013-136785-NO

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Plaintiff, William Pincomb, appeals as of right the trial court order granting summary disposition in favor of defendant, Diversified Investment Ventures, LLC, in this premises liability action. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 3, 2011, at approximately 5:00 or 6:00 p.m., plaintiff was helping Anthony Williams and Bruce Wendel move into their new rental home in Pontiac, Michigan. Defendant, which is a partnership consisting of Robert Stocki and three other partners, owned the home. It was dark and cold outside. The porch light was broken, and exposed wires remained where a light fixture was previously affixed on the side of the house. According to Williams, the front porch steps were illuminated presumably from the street lights, but the side of the house— including where side stairs also leading to the porch were located—was not. The ground was wet even though it was not raining or snowing. Plaintiff had not visited the rental house before the night of the incident.

When plaintiff pulled into the driveway upon his arrival, he parked his truck near the side stairs leading to the front porch. At the time, Williams was moving a U-Haul truck on the front lawn so that the truck's ramp rested directly on the porch and, in effect, blocked the front stairs leading to the porch. Williams and Wendel entered the house and began turning lights on while plaintiff remained in his truck.

Plaintiff initially was concerned about the lack of illumination on the side of the house, but he ultimately concluded that the lighting was sufficient for him to unload his vehicle. He exited his truck, retrieved a box from the back of the vehicle, ascended a set of stairs to the

porch, and entered the front door of the home.[1]  He did not look at the areas where he was stepping as he moved the first box into the house, but he was able to walk across the ground without difficulty on his way inside.  Likewise, he did not notice the uneven pavement as he moved the first box.

After leaving the box inside, plaintiff exited the house and descended down the side steps.  He chose this route because those steps were closest to his vehicle.  As he was walking, plaintiff did not look at the surface where he was stepping.  When he stepped down onto the sidewalk from the stairs, he encountered uneven pavement, which caused him to fall onto the driveway.  He did not see the uneven concrete before or after he fell on the night of the incident, as he only realized that the pavement was uneven when he stepped onto it.  Plaintiff testified at his deposition that it was too dark at the time of the incident, and there was not enough light coming from the inside of the house or any street lights, for him to properly see the sidewalk or observe the uneven pavement.  Due to the fall, plaintiff injured his left knee, left ankle, left leg, and lower back.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), contending that there was no genuine issue of material fact (1) that the condition on which plaintiff fell was open and obvious and included no special aspects, and that (2) defendant had no notice of the alleged hazard.  In response, plaintiff argued that the sidewalk was atypical due to the limited illumination, such that there were genuine issues of material fact regarding whether the uneven pavement was open and obvious and whether the sidewalk posed an unreasonable risk of harm. Plaintiff also argued, *inter alia*, that the condition in the sidewalk adjacent to the side steps was effectively unavoidable due to the fact that (1) a moving truck blocked access to the front steps, and (2) the side door of the house was inaccessible because neither the gate enclosing the side door nor the door itself was working.  The trial court granted summary disposition in favor of defendant under the open and obvious doctrine, finding that "[t]he uneven sidewalk was not unreasonably dangerous and was avoidable.  There were no special aspects present and the defect was discoverable upon casual inspection."

## II.  STANDARD OF REVIEW

We review *de novo* a trial court's grant or denial of summary disposition.  *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).  When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), we may only consider, in the light most favorable to the party opposing the motion, the evidence that was before the trial court, which consists of "the 'affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties.' " *Calhoun Co v Blue Cross Blue Shield Michigan*, 297 Mich App 1, 11; 824 NW2d 202 (2012), quoting MCR 2.116(G)(5).  Under MCR 2.116(C)(10), "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a

_____

[1] Plaintiff testified that he used the side stairs to enter the home and expressly confirmed that he never used the front stairs to enter or exit the rental house.  However, Williams repeatedly stated at his deposition that plaintiff initially used the front steps to enter the house, not the side steps.

matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

## III. OPEN AND OBVIOUS

Plaintiff first argues that there was a genuine issue of material fact regarding whether the uneven pavement was readily apparent upon casual inspection in light of the poor lighting conditions. We disagree.

"A plaintiff who brings a premises liability action must show (1) the defendant owed [him] a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of [his] injury, and (4) [he] suffered damages." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 408; 864 NW2d 591 (2014) (quotation marks and citation omitted; alterations in original). "The duty owed to a visitor by a landowner depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury." *Id*. (quotation marks and citation omitted). The parties do not appear to dispute that plaintiff was an invitee on defendant's premises. Likewise, the relevant caselaw establishes that plaintiff was an invitee at the time of the accident as a social guest of defendant's tenants, assuming that the stairs constituted a common area of the leased premises controlled by defendant.[2] See *Petraszewsky v Keeth*, 201 Mich App 535, 540-541; 506 NW2d 890 (1993).

> With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land. Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect. [*Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012) (footnote omitted).]

---

[2] Neither party appears to dispute plaintiff's status or defendant's control over the area. Compare *Orel v Uni-Rak Sales Co, Inc*, 454 Mich 564, 566-570; 563 NW2d 241(1997) (discussing when an owner constitutes an invitor for purposes of a premises liability claim). See also *Hampton v Waste Mgt of Michigan, Inc*, 236 Mich App 598, 603; 601 NW2d 172 (1999) ("A claim of premises liability is conditioned on the presence of both possession and control over the premises."); *Petraszewsky*, 201 Mich App at 541("As a matter of law, the plaintiff was an invitee of the defendant landlord because she was injured in a common area of which he retained control.").

However, "[t]he possessor of land 'owes no duty to protect or warn' of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id*. at 460-461.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. This is an objective standard, calling for an examination of the objective nature of the condition of the premises at issue." *Id*. at 461 (quotation marks, citation, and footnote omitted); see also *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 94; 485 NW2d 676 (1992) ("[A] possessor of land does not owe a duty to protect his invitees . . . [from] dangers that are so obvious and apparent that an invitee may be expected to discover them himself.").

Michigan courts generally have held that steps and differing ground levels are "everyday occurrence[s] that people encounter" and constitute open and obvious conditions unless there is something unusual about the steps or uneven floor. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616; 537 NW2d 185 (1995); see also *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 520; 629 NW2d 384 (2001); *Novotney v Burger King Corp*, 198 Mich App 470, 474; 499 NW2d 379 (1993). As such, "steps and differing floor levels, such as . . . uneven pavement . . . , are not ordinarily actionable *unless* unique circumstances surrounding the area in issue made the situation unreasonably dangerous." *Weakley v City of Dearborn Hts*, 240 Mich App 382, 385; 612 NW2d 428 (2000) (quotation marks and citation omitted), remanded for reconsideration on other grounds 463 Mich 980 (2001).

However, when there is something unusual about the condition due to its "character, location, or surrounding conditions, then the duty of the possessor of land to exercise reasonable care remains. If the proofs create a question of fact that the risk of harm was unreasonable, the existence of duty as well as breach become questions for the jury to decide." *Bertrand*, 449 Mich at 617 (quotation marks and footnotes omitted). Similarly, "[u]nder [the] limited ['special aspects'] exception, liability may be imposed only for an 'unusual' open and obvious condition that is 'unreasonably dangerous' because it 'present[s] an extremely high risk of severe harm to an invitee' in circumstances where there is 'no sensible reason for such an inordinate risk of severe harm to be presented.'" *Hoffner*, 492 Mich at 462.

Unevenness arising from gaps or differing levels between pieces of pavement, or between the pavement and the ground adjacent to it, is a common characteristic of sidewalks in general. Plaintiff has failed to identify or offer any evidence that the uneven sidewalk itself was of a character or included a unique aspect that rendered it unreasonably dangerous or presented an unreasonable risk of harm. Likewise, the description of the sidewalk in the deposition testimony and the photographs in the lower court record clearly show that there was nothing unusual about the uneven pavement and that the uneven nature of the sidewalk was readily observable.

But, plaintiff argues, the uneven pavement was not open and obvious due to the lack of illumination at the time of plaintiff's fall. As plaintiff contends, this Court previously concluded that darkness may cause a hazard, which may be open and obvious in a well-lit space, not to be open and obvious if an average person would be unable to discover it upon casual inspection under the circumstances. See *Abke v Vandenberg*, 239 Mich App 359, 362-363; 608 NW2d 73 (2000); *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 126; 492 NW2d 761 (1992).

However, the darkness or lack of illumination in this case is distinguishable from the facts in *Abke* and *Knight* and does not constitute a *unique* circumstance that would render the sidewalk at issue in this case not open and obvious or make the sidewalk unreasonably dangerous. *Abke* and *Knight* both involved plaintiffs who fell due to unexpected drop-offs from indoor loading docks in dark areas, which presented a hazard vastly more significant and dangerous than the routine elevation difference in this case. Compare *Abke*, 239 Mich App at 360, 362, and *Knight*, 196 Mich App at 121, 127-128, with *Lugo*, 464 Mich at 520; *Bertrand*, 449 Mich at 616; *Weakley*, 240 Mich App at 385; *Novotney*, 198 Mich App at 474.

Inadequate lighting may constitute an open and obvious condition, in and of itself, that an invitee reasonably may be expected to discover. *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135, 141; 565 NW2d 383 (1997). In *Singerman*, the plaintiff argued that his injuries resulted from inadequate lighting in a hockey rink, which caused him to be unable to observe and avoid a hockey puck. *Id*. at 141. It was undisputed that the inadequate lighting was an open and obvious condition. *Id*. The Court explained that when poor lighting is an open and obvious condition,

> the question for the courts to decide is whether the risk of harm remains unreasonable, despite its obviousness or despite the invitee's knowledge of the danger. If the court finds that the risk is still unreasonable, then the court will consider whether the circumstances are such that the invitor is required to undertake reasonable precautions. If so, then the issue becomes the standard of care and is for the jury to decide. [*Id*. at 142-143.]

Accordingly, the Court concluded:

> [H]ere there was nothing unusual about the inadequate lighting in the hockey rink to cause such a duty to remain. Plaintiff was an adult and an experienced hockey player. The lighting in the rink is alleged to have been consistently inadequate, not subject to unexpected fluctuations or other changes. There was nothing to prevent plaintiff from realizing that the rink was inadequately lighted. Nor was there any chance that he would forget the potentially hazardous condition, because the condition was constantly before him. Finally, plaintiff was not compelled to use the rink for work, or profit, or any other overriding or substantial motivation. He chose to participate in a dangerous sport under conditions that he knew to be dangerous. [*Id*. at 144.]

Similarly, here, plaintiff expressly recognized that the area was dark and not well lit. Nevertheless, he made a conscious choice to exit his vehicle and begin moving items into the rental house despite the consistent lack of illumination, concluding that there was sufficient light to move the boxes. There were no allegations or evidence indicating that the amount of light changed between the time at which plaintiff entered the house with a box from his vehicle and the time at which plaintiff descended the side stairs and stepped onto the uneven pavement. As such, given this consistent lack of light, an average individual of ordinary intelligence would be on notice that it was necessary to advance cautiously. Cf. *Hoffner*, 492 Mich at 460-461 ("The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." [Quotation marks and citation omitted.]). Further,

unlike "an unguarded thirty foot deep pit in the middle of a parking lot," which has been recognized as an unreasonably dangerous condition, *Lugo*, 464 Mich at 518, we have reasoned that "[f]alling several feet to the ground is not the same as falling an extended distance such as into a thirty-foot deep pit," and "it cannot be expected that a typical person [falling a distance of several feet] would suffer severe injury or a substantial risk of death," *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 7; 649 NW2d 392 (2002) (quotation marks and citation omitted; second alteration in original).

In addition, despite the darkness, it is undisputed that plaintiff was able to navigate the steps adjacent to the uneven pavement without incident, which indicates that there was sufficient light in the area for plaintiff to observe level changes near the stairs. Plaintiff also expressly acknowledged that he did not look at the surface of the sidewalk when he ascended or descended the side stairs.

Thus, we reject plaintiff's claim that the lack of illumination rendered the uneven pavement not open and obvious, presented an unreasonable risk of harm, or constituted a special aspect that removed the uneven pavement from the scope of the open and obvious doctrine. Likewise, the trial court properly granted defendant's motion for summary disposition because there was no genuine issue of material fact that uneven pavement and lack of illumination were open and obvious conditions that did not pose an unreasonable risk of harm. See *Latham*, 480 Mich at 111.

## IV. EFFECTIVELY UNAVOIDABLE

Next, plaintiff argues that the trial court erred in granting summary disposition under the open and obvious doctrine because the uneven sidewalk on which he fell was effectively unavoidable. We disagree.

In *Hoffner*, 492 Mich at 468-469, the Michigan Supreme Court delineated the scope of the effectively unavoidable exception to the open and obvious doctrine:

> The "special aspects" exception to the open and obvious doctrine for hazards that are effectively unavoidable is a limited exception designed to avoid application of the open and obvious doctrine only when a person is subjected to an unreasonable risk of harm. Unavoidability is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome. Our discussion of unavoidability in *Lugo*[, 646 Mich 512,] was tempered by the use of the word "effectively," thus providing that a hazard must be unavoidable or inescapable *in effect* or *for all practical purposes*. Accordingly, the standard for "effective unavoidability" is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so. [Footnotes omitted.]

Similarly, this Court has stated, with regard to the effectively unavoidable exception that, "*[p]ut simply, the plaintiff must be "effectively trapped" by the hazard.*" *Bullard*, 308 Mich App at 412 (emphasis added), citing *Joyce v Rubin*, 249 Mich App 231, 242; 642 NW2d 360 (2002).

Likewise, a plaintiff who "ha[s] ample opportunity to avoid the [hazard]," who confronts hazard after making several decisions, or who consciously decides to put himself in a position during which he must confront the hazard cannot be "effectively trapped" by the condition. *Id*. at 412-413.

Here, the side steps were not the only route available to plaintiff. Most significantly, plaintiff admitted during his deposition that he used the side stairs because they were "[c]losest to [his] vehicle." In essence, plaintiff used them because he found them to be more convenient than other exits available to him. Likewise, Williams explained that he was following plaintiff down the side steps where plaintiff fell and that they were taking that route solely for the reason that those steps were closest to plaintiff's vehicle. Plaintiff did not contend that he was forced to confront or effectively trapped by the hazard. He also testified, and Williams confirmed, that the men used the front stairs immediately before plaintiff fell and that Wendel was headed in the direction of the front steps when plaintiff fell. Moreover, plaintiff and Williams both testified that Williams moved the U-Haul truck to its position blocking the front stairs before plaintiff began moving boxes from his vehicle into the house. As such, it is apparent that plaintiff could have asked Williams or Wendel to move the truck, or moved the truck himself, so that he could access the front steps. Further, plaintiff could have avoided the condition by waiting until a different time to move the items into the house or by leaving the premises. See *Bullard*, 308 Mich App at 412-413.

It is clear that plaintiff had a choice regarding whether to confront the sidewalk at the bottom of the side stairs. See *Hoffner*, 492 Mich at 468-469. Thus, on this record, reasonable minds could not differ in concluding that plaintiff was not " 'effectively trapped' by the hazard." *Bullard*, 308 Mich App at 412.

## V. FAILURE TO DEMONSTRATE THAT THE CONDITION DID NOT POSE AN UNREASONABLE RISK OF HARM

Plaintiff also asserts that the trial court improperly granted summary disposition in defendant's favor because defendant failed to present any evidence establishing that the uneven pavement and inadequate illumination at the time of plaintiff's fall did not pose an unreasonable risk of harm. We disagree.

With regard to this issue, the basis for defendant's motion for summary disposition under MCR 2.116(C)(10) was that there was no genuine issue of material fact that the alleged hazard was open and obvious, was not unreasonably dangerous, and was avoidable. "[T]he moving party must support its motion with affidavits, depositions, admissions, or other documentary evidence *in support of the grounds asserted*. MCR 2.116(G)(3)." See *Barnard Mfg Co, Inc v Gates Performance Engg, Inc*, 285 Mich App 362, 369-370; 775 NW2d 618 (2009) (emphasis added). Defendant attached to its motion for summary disposition pictures of the uneven sidewalk at issue and plaintiff's and Williams's deposition testimony, which described the circumstances of the incident, including the amount of light on the premises and the way in which plaintiff fell. In light of this documentary evidence, plaintiff's claim—including his assertion that defendant failed to present *any* evidence regarding the amount of light on the premises when the accident occurred and the level of risk posed by the hazard—has no merit.

## VI. CONCLUSION

The trial court properly concluded that there was no genuine issue of material fact that the uneven pavement and dim lighting were open and obvious conditions that were not unreasonably dangerous, were not effectively unavoidable, and did not pose an unreasonable risk of harm. Thus, we need not consider the rest of plaintiff's claims, as "the open and obvious danger doctrine will cut off liability if the invitee should have discovered the condition and realized its danger." *Grandberry-Lovette v Garascia*, 303 Mich App 566, 576; 844 NW2d 178 (2014) (quotation marks and citation omitted).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola