*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IRENE JAROS,

      Plaintiff-Appellee,

v

VHS HARPER-HUTZEL HOSPITAL, INC.,
doing business as HARPER HOSPITAL,

      Defendant-Appellant.

UNPUBLISHED
September 19, 2019

No. 340566
Wayne Circuit Court
LC No. 16-015287-NO

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

MURRAY, C.J. (*dissenting*).

With all due respect to the majority opinion, I would hold on de novo review that the pothole in the parking structure was an open and obvious danger that relieved defendant of its duty of care as a premises owner. Accordingly, I would reverse the circuit court's order, and remand for entry of an order granting defendant's motion for summary disposition.

## I. BACKGROUND

Plaintiff tripped and fell over a pothole while walking in Harper Hospital's parking structure. Employed at the Kresge Eye Institute, plaintiff parked in Harper Hospital's parking structure for the past ten years on an almost daily basis. Around noon on June 5, 2015, plaintiff arrived, and parked her car on the seventh floor of the structure, a floor she usually parked on. Plaintiff had never tripped in the structure before, and had no physical impairments inhibiting her ability to walk or detect her surroundings.

The seventh floor is not the top floor of the structure, with the only sunlight coming in along the partially exposed sides of the structure. Plaintiff parked in one of the internal parking spots, and as depicted in the photograph taken by one of her sons on the day of the accident, sunlight lit much of the parking area near plaintiff's car, though some other areas were shaded:



According to plaintiff, the closest source of unnatural light came from a single light fixture located by the structure's elevator and stairs that were far away from plaintiff's car. After exiting her vehicle, plaintiff proceeded to watch where she stepped as she walked away from her car. After taking 5 to 10 steps toward the elevator and stairs, her toe got caught in something, and she fell. On the ground, plaintiff was then able to observe a previously undetected pothole where her foot was. Prior to tripping, she did not see this pothole.

Plaintiff brought a negligence and premises liability action, and following discovery, defendant sought dismissal under the open and obvious danger doctrine. Plaintiff retorted that the inadequate lighting in the parking structure precluded application of the doctrine, and insisted that the condition was not an open and obvious danger because it was undetectable upon casual observation.

The circuit court agreed with plaintiff's position, holding:

It's a lighting situation . . . it's not so open and obvious. It's not well lit . . . [Harper Hospital has] not submitted anything to indicate that's not what the floor looks like; that's not [what the] lighting condition [was at the time of the injury].

Accordingly, the court denied defendant's motion for summary disposition, precluding application of the open and obvious danger doctrine. Our Court then granted defendant's

application for leave to appeal, limiting the issue to "whether the alleged inadequate lighting in the parking lot precluded application of the open and obvious danger doctrine."[1]

## II. ANALYSIS

"Generally, a premises possessor owes a duty of care to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 328; 683 NW2d 573 (2004). However, an open and obvious danger absolves the premises possessor from this duty. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). A danger is open and obvious when "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). The condition of the premises to a reasonably prudent person at the time of the alleged injury must be considered in determining whether a danger is open and obvious. *Mann*, 470 Mich at 329. If a condition is open and obvious, a premises possessor is liable for injury only if there were special aspects to the condition. *Hoffner*, 492 Mich at 461. However, a common pothole is an open and obvious danger that typically has no special aspects to it because "the condition does not involve an especially high likelihood of injury." *Lugo*, 464 Mich at 520. Thus, to avoid a grant of summary disposition in the instant case, plaintiff must produce "sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence" of the pothole in defendant's parking structure. *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009) (quotation marks and citation omitted).

Here, considering the evidence–essentially plaintiff's testimony and the photographs taken by her son the day she fell–in a light most favorable to plaintiff, I would hold that the lighting in the parking structure does not preclude application of the open and obvious danger doctrine. And as a result of that conclusion and the undisputed evidence regarding the pothole upon which plaintiff allegedly tripped, I would also hold that the pothole in the parking structure was readily observable upon casual inspection, requiring application of the open and obvious danger doctrine, and relieving defendant of any duty of care.

The absence of quality lighting does not preclude the application of the open and obvious doctrine. The plurality opinion in *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135, 137; 565 NW2d 383 (1997), is particularly helpful in determining how poor lighting can impact an open and obvious condition. In *Singerman*, the plaintiff was injured when he was hit by a puck during a hockey scrimmage. *Id*. at 137-138. The plaintiff alleged in his complaint that the low light conditions within the rink created a dangerous condition that caused him to not see a puck before it hit him. *Id*. at 141. Three justices in an evenly decided Court concluded that, because the low

---

[1] *Jaros v VHS Harper-Hutzel Hospital Inc*, unpublished order of the Court of Appeals, entered March 13, 2018 (Docket No. 340566).

light conditions were constant, and readily discernable by a reasonable observer,[2] the low lighting was not uniquely dangerous as a matter of law:

> However, here there was nothing unusual about the inadequate lighting in the hockey rink to cause such a duty to remain. Plaintiff was an adult and an experienced hockey player. The lighting in the rink is alleged to have been consistently inadequate, not subject to unexpected fluctuations or other changes. There was nothing to prevent plaintiff from realizing that the rink was inadequately lighted. Nor was there any chance that he would forget the potentially hazardous condition, because the condition was constantly before him. Finally, plaintiff was not compelled to use the rink for work, or profit, or any other overriding or substantial motivation. He chose to participate in a dangerous sport under conditions that he knew to be dangerous. [*Id*., at 144.]

Two decisions from our Court, *Knight v Gulf & Western Props, Inc*, 196 Mich App 119; 492 NW2d 761 (1992), and *Abke v Vandenberg*, 239 Mich App 359; 608 NW2d 73 (2000), support the conclusion that the lighting in the parking deck did not cause the pothole to become a dangerous or defective condition. In *Knight* we concluded that although the "fact that [the] defendant's vacant warehouse was not adequately lit was both obvious and known to [the] plaintiff," and therefore no duty to warn of the darkness existed, *Knight*, 192 Mich App at 127, because there was no evidence that the plaintiff was aware or had reason to anticipate that there would be an unmarked or protected interior loading deck, the defendant was not entitled to a jury instruction on the open and obvious doctrine. *Id*. at 130. Here, however, it is undisputed factually that plaintiff had parked on this floor many times in the past, and it is undisputed legally that potholes are a common occurrence that should reasonably be foreseen. *Lugo*, 464 Mich at 520.

Likewise, in *Abke* this Court concluded that the trial court had properly denied the defendant's motions for directed verdict and judgment notwithstanding the verdict because there was a factual dispute about the darkness existing when the plaintiff fell into an unguarded truck bay. *Abke*, 239 Mich App at 362-363. Hence, unlike in *Abke*, here there is no factual dispute about the lighting at the time plaintiff fell, and the pothole—unlike the truck bay that was considered to be unreasonably dangerous[3]—is a common condition in parking areas. *Lugo*, 464 Mich at 523 (the Court reasoned that "potholes in pavement are an 'everyday occurrence' that ordinarily should be observed by a reasonably prudent person," thus, the pothole did not pose an unreasonable risk to the plaintiff because she failed to establish that the readily observable pothole contained special aspects).

---

[2] The partial dissent agreed that "the state of the lighting in the Westland Sports Arena would have been obvious to any person in the arena with normal vision." *Id*., at 147 (MALLETT, CJ, concurring in part, dissenting in part).

[3] *Abke*, 239 Mich App at 363.

Finally, in *Blackwell v Franchi*, 318 Mich App 573, 577-578; 899 NW2d 415 (2017),[4] this Court considered the applicability of the open and obvious danger doctrine to a danger surrounded by complete darkness. The *Blackwell* plaintiff fell due to an eight-inch drop-off in elevation between the hallway and the unlit room she was entering. *Id*. at 575. Photographs depicting the drop-off revealed that the danger was challenging to see "even with sufficient lighting." *Id*. at 578. While acknowledging that the room was completely dark, the *Blackwell* Court ruled that in light of the conflicting testimony, it was a question of fact for the jury to decide whether an average person would have been able to readily observe the drop-off due to the lighting condition. *Id*. at 579.

A potential danger is open and obvious when "a reasonable person in his [or her] position would foresee the danger." *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002) (quotation marks and citation omitted). Thus, to determine whether defendant was entitled to summary disposition, the Court must determine whether, in light of the undisputed facts, a reasonable person in plaintiff's position would have foreseen the danger posed by the pothole. *Laier v Kitchen*, 266 Mich App 482, 498; 702 NW2d 199 (2005).

The pothole[5] on which plaintiff tripped is akin to the pothole in *Lugo*, and its lighting condition is dissimilar to the lighting in *Knight*, *Abke*, and *Blackwell*. Unlike in *Blackwell*, the seventh floor of the parking structure is covered in weathered concrete, easily distinguishable even in the lighting conditions on the day plaintiff fell. Further, while there was conflicting evidence that the danger in *Blackwell* was almost invisible, engulfed in utter darkness, here the incident occurred at noon in early June, in a parking structure exposed to natural lighting along the sides, and which also contained an artificial light by the stairs and elevator. While conflicting testimony regarding the visibility of the drop-off existed in *Blackwell*, and conflicting testimony existed regarding the darkness in *Knight*, here the only testimony is plaintiff's, and the pictures of the parking structure, which both parties agree are an accurate depiction of the danger as it was at the time of the injury. There is no factual dispute about the condition of the floor or the level of light at the time plaintiff fell.

Moreover, the danger in *Blackwell* was unexpected; the plaintiff received no warning of the danger, and had no reason to suspect a change in elevation while proceeding to enter the dark room. Here, a reasonable person in plaintiff's position would have anticipated potholes in the parking structure. *Lugo*, 464 Mich at 523. Additionally, it is undisputed that plaintiff parked in this structure on an almost daily basis for the previous 10 years. As in *Singerman*, 455 Mich at

---

[4] This Court in *Blackwell* reversed the trial court's grant of summary disposition, and held that it was for the jury to decide whether the danger, an eight-inch drop-off step, was open and obvious due to the fact that the hazard was surrounded by complete darkness. *Blackwell*, 318 Mich App at 579. The Supreme Court remanded for consideration of alternative arguments, leaving the ruling pertaining to visibility undisturbed. *Blackwell v Franchi*, 502 Mich 918, 918-920; 914 NW2d 900 (2018).

[5] Plaintiff testified that the picture of the pothole was taken by her son days after her injury, and was not necessarily the one that allegedly caused her to fall.

137, the danger and prevalent condition of the floor was constantly before plaintiff. A reasonable person in plaintiff's position would have foreseen the danger of potentially tripping on a pothole in the parking structure.

As noted above, in *Lugo*, the Supreme Court held that special aspects may not typically be attributed to open and obvious dangers such as potholes because potholes "do not involve an especially high likelihood of injury." *Lugo*, 464 Mich at 520. The Court reasoned that special aspects to an open and obvious danger may create an unreasonable risk of harm, subjecting the premises possessor to liability for injury. *Id*. Special aspects of a danger entail situationally forcing an individual to face an open and obvious danger, or, where there is an unreasonably high risk of severe harm, because it is unreasonably dangerous to maintain the danger on the premises, even if an individual is capable of avoiding the harm. *Id*. at 518. "[A] floor of a commercial building covered with standing water that blocks the only public exit from the building," or "an unguarded thirty-foot deep pit in the middle of a parking lot," are examples of dangers that fit the special aspect criteria. *Stopczynski v Woodcox*, 258 Mich App 226, 232-233; 671 NW2d 119 (2003). Here, there were no special aspects to the pothole at the time of plaintiff's injury.

For these reasons, I would reverse and remand for entry of summary disposition in defendant's favor.

/s/ Christopher M. Murray