*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDITA RAMIC,

        Plaintiff-Appellant,

and

FAZLIJA SALI,

        Plaintiff,

v

BULLOCK ENTERPRISES, LLC, doing business as
BRADFORD SQUARE APARTMENTS,

        Defendant,

and

BRADFORD SQUARE CONDOMINIUM
ASSOCIATION,

        Defendant-Appellee.

UNPUBLISHED
February 20, 2025
9:14 AM

No. 370612
Macomb Circuit Court
LC No. 2019-000020-NO

Before: YATES, P.J., and LETICA and N. P. HOOD, JJ.

PER CURIAM.

This slip-and-fall premises liability case returns to this Court after a remand that resulted in an award of summary disposition pursuant to MCR 2.116(C)(10) to defendant, Bradford Square Condominium Association (Bradford). On appeal, plaintiff contends that the trial court erred by

granting summary disposition because genuine issues of material fact exist. We agree, and so we reverse the summary disposition award and once again remand the case for further proceedings.[1]

## I. FACTUAL BACKGROUND

Plaintiff, Edita Ramic, and her boyfriend, Fazlija Sali, rented a second-floor condominium in October 2017 by entering into a sublease with Waldemar Liebich, the condominium owner. In the evening on September 3, 2018, plaintiff, who was wearing flip flops, left the condominium to check her mail on the first floor. Two stairwells led from the second floor to the first floor—the front stairwell, which was farther from plaintiff's apartment but closer to the mailbox, and the back stairwell, which was closer to plaintiff's apartment. Plaintiff stated that all the lights in the front stairwell were out and had been that way for months before that evening. Nevertheless, plaintiff chose to use the front stairway because the door at the bottom of the back stairwell was often left unlocked, which made her feel unsafe.

When plaintiff reached the top of the front stairs located in a common area of the building, she tried to step down the first step, but lost her footing and fell down the stairs, sustaining injuries. Plaintiff claims the fall was not the result of tripping on either her flip flops or the carpet, but rather the darkness caused her to lose her footing and fall as she stepped down the first step. The evidence provided to the trial court revealed that the lights in the front stairwell and the surrounding common area had been out for weeks, that residents had complained and asked to have the lights fixed, but that nothing had been done.

On January 3, 2019, plaintiff filed suit against defendant, Bullock Enterprises, LLC,[2] which owned the condominium complex where plaintiff lived. She subsequently amended her complaint to add Bradford—the condominium association formed to manage the complex—as a defendant. In the amended complaint, plaintiff alleged that Bradford was negligent and breached its statutory duty under MCL 554.139. Bradford moved for summary disposition under MCR 2.116(C)(10), insisting that it did not breach either a common law duty or a statutory duty. Specifically, Bradford argued that plaintiff's common law negligence claim failed because the condition in the stairway was open and obvious, no special aspects existed to render the stairway unreasonably dangerous, and plaintiff could have readily avoided the danger by taking the back stairway. The trial court denied summary disposition, concluding that genuine issues of material fact existed. On appeal, however, this Court decided, by a 2-to-1 vote, that Bradford was entitled to summary disposition

---

[1] The trial court is entitled to be frustrated by this result because this Court has now reversed and remanded this case after the trial court refused to grant summary disposition and then reversed and remanded this case after the trial court granted summary disposition to defendant. As we explain in this opinion, however, Michigan law on premises liability changed dramatically between this Court's first decision and the decision that we render today.

[2] Bullock Enterprises, LLC, and Sali (who was originally a plaintiff) were dismissed with prejudice as parties by stipulation, so they are not involved in this appeal.

of plaintiff's claims under MCR 2.116(C)(10). *Ramic v Bullock Enterprises, LLC*, unpublished per curiam opinion of the Court of Appeals, issued February 1, 2022 (Docket No. 354374).

In October 2023, our Supreme Court vacated, in part, this Court's judgment and remanded the matter to this Court for reconsideration in light of *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023). *Ramic v Bullock Enterprises, LLC*, 513 Mich 851 (2023). This Court, in turn, vacated the trial court's 2020 order denying summary disposition and remanded the case to the trial court for reconsideration in light of *Kandil-Elsayed*. *Ramic v Bullock Enterprises, LLC*, unpublished order of the Court of Appeals, entered November 16, 2023 (Docket No. 354374).

On remand, Bradford renewed its motion for summary disposition requesting relief under MCR 2.116(C)(10) on plaintiff's common law negligence claim.[3] On March 12, 2024, in a written opinion, the trial court awarded Bradford summary disposition of that claim. Plaintiff moved for reconsideration, but the trial court denied that motion. Plaintiff then appealed of right.

## II. LEGAL ANALYSIS

Plaintiff insists the trial court erred by awarding summary disposition to Bradford because the unlit condition of the stairwell was unreasonably dangerous. We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the plaintiff's complaint. *Id*. at 160. In reviewing a motion under MCR 2.116(C)(10), "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. Summary disposition is appropriate "when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). Applying these standards, we must consider whether plaintiff has a factually viable premises liability claim against Bradford.

"In the context of premises liability, a landowner's duty to a visitor depends on that visitor's status." *Kandil-Elsayed*, 512 Mich at 111 (quotation marks and citation omitted). Under Michigan law, there are three categories for persons who enter on the premises of another: (1) trespasser; (2) licensee; and (3) invitee. *Id*. Michigan law treats tenants as invitees. *Benton v Dart Prop Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). Invitees are entitled to the highest level of protection under premises law, and land owners have "a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 112, 143. If a plaintiff establishes that the land owner owed the plaintiff a duty, "the next step in the inquiry is whether there was a breach of that duty." *Id*. at 148. "[T]he question of breach—whether defendants' conduct in the particular case is below the general standard of care—is a question of fact for the jury." *Id*. at 112. To be sure, "[a]s part of the breach inquiry, the fact-finder may consider . . . whether the condition was open and obvious and whether, despite its open

---

[3] Our Supreme Court left undisturbed this Court's ruling that plaintiff had no basis for relief under MCL 554.139, so the only claim at issue on remand was based on common law negligence. Hence, we need not—and will not—address any issues concerning plaintiff's statutory claim.

and obvious nature, the land possessor should have anticipated harm to the invitee." *Id*. But those considerations must be left to the trier of fact under *Kandil-Elsayed*, 512 Mich at 112. Against the legal backdrop defined by our Supreme Court, we must analyze the trial court's determinations on the issues of duty and breach.

## A. DUTY

This Court first must consider whether defendant owed a duty to plaintiff. As our Supreme Court explained in *Kandil-Elsayed*, the question of duty revolves around the relationship between defendant and plaintiff. *Id*. at 111. The trial court treated plaintiff as an invitee,[4] so Bradford owed plaintiff "a duty to exercise reasonable care to protect [plaintiff] from an unreasonable risk of harm caused by a dangerous condition on the land." *Id*. at 112. The trial court noted that "[t]he condition at issue in this matter is darkness[,]" which "is not a unique condition, nor is anything unique about the darkness that Plaintiff encountered that would confer a duty on Defendant to warn of danger."

Decades before *Kandil-Elsayed* was decided, in a case where "lack of proper lighting was a hazardous condition" and that "poor lighting was an open and obvious danger which the invitee might reasonably be expected to discover[,]" the lead opinion joined by three justices stated that "the question for the courts to decide is whether the risk of harm remains unreasonable, despite its obviousness or despite the invitee's knowledge of the danger." *Singerman v Muni Servs Bureau, Inc*, 455 Mich 135, 142-143; 565 NW2d 383 (1997) (opinion by WEAVER, J.). "If the court finds that the risk is still unreasonable, then the court will consider whether the circumstances are such that the invitor is required to undertake reasonable precautions." *Id*. at 143. "If so, then the issue becomes the standard of care and is for the jury to decide." *Id*. In a separate opinion, three other justices rejected that view,[5] reasoning that "[a] possessor of land may still be liable to invitees if he should anticipate that the hazard will cause injury." *Id*. at 146 (opinion by MALLETT, J.).

That approach comports with our Supreme Court's basic formulation of "the scope of the duty owed by an owner or occupier of land to its business invitees regarding steps on the premises" set forth in *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995). In that decision, our Supreme Court observed that "[u]nder ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps 'foolproof.' " *Id*. at 616-617. "However, where there is

---

[4] On this appeal, Bradford asks this Court to "consider for the first time" plaintiff's "status on the premises[,]" asserting that plaintiff was "the renter of a condominium unit owned by a non-party landlord" and should be "considered a licensee on the premises, rather than an invitee." This Court has held that "[i]f a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). This Court "may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at 289-290 (quotation marks and citation omitted). Here, we conclude that none of the exceptions applies, especially because we are remanding the case for the trial court to conduct further proceedings, which will allow the trial court to hear new arguments.

[5] Justice MARILYN KELLY, the seventh justice, did not take part in the decision of the case.

-4-

something unusual about the steps, because of their character, location, or surrounding conditions, then the duty of the possessor of land to exercise reasonable care remains." *Id*. at 617 (quotation marks and citation omitted). The instant case—involving a stairwell darkened by non-functioning lights—fits comfortably into that exception.

Our Supreme Court's decision in *Kandil-Elsayed* cements the conclusion that Bradford had a duty to anticipate the harm resulting from the stairwell darkened by non-functioning lights. Our Supreme Court explained "that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Kandil-Elsayed*, 512 Mich at 104. The open and obvious nature of a condition, therefore, does not affect the analysis of duty. See *id*. at 144 ("[W]e are simply moving [the open and obvious danger doctrine] from duty to breach where it legally should lie."). Instead, "the open and obvious condition is relevant to breach and the parties' comparative fault." *Id*. at 104. Thus, to the extent that the trial court in this case relied on the absence of a duty on Bradford's part in its decision to award summary disposition, the trial court erred as a matter of law. See *id*. at 112 ("It is well settled in Michigan that the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides.") (quotation marks and citation omitted). As a result, we must now turn to the issue of breach. See *id*. at 148 ("If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty.").

## B. BREACH

As the trial court correctly noted, the issue of breach turns on whether defendant's conduct " 'in the particular case is below the general standard of care . . . .' " *Id*. at 112. But when it quoted that statement, the trial court omitted our Supreme Court's final observation in that sentence, i.e., "the question of breach . . . is a question of fact for the jury." *Id*. By awarding summary disposition to defendant based on the absence of breach, the trial court took that quintessential question of fact away from the jury. In doing so, the trial court pointed out that when "the evidence presented to a court concerning breach generates no question of fact, the issue can be decided by the judge as a matter of law." *Id*. at 112 n 2, citing MCR 2.116(C)(10). Although that certainly is true, that legal principle cannot be invoked in this case, where genuine issues of material fact abound.

As an initial matter, "when determining whether a defendant violated the general standard of care, the jury must determine what a defendant need do (or not do) to meet that general standard of care under the specific facts before it . . . ." *Blackwell v Franchi (On Remand)*, 327 Mich App 354, 358; 933 NW2d 762 (2019). The trial court had neither the power nor the basis to make that decision in this case. Beyond that, once the jury has determined what defendant should have done to meet the general standard of care in this case, the jury must decide whether defendant did what should have been done. Defendant's compliance with the general standard of care would give rise to a verdict in favor of defendant, whereas defendant's failure to comply with the general standard of care of would lead to a verdict for plaintiff. Specifically, if the jury were to find that defendant provided enough lighting to meet the general standard of care, it would be entitled to prevail. But if the jury were to find that defendant breached the general standard of care by failing to replace burned-out lights in the vicinity of the stairwell, plaintiff would be entitled to prevail. See *Kandil-Elsayed*, 512 Mich at 150 (concluding "that questions of fact remain as to whether the defendant's failure to address the ice and snow in the parking lot was reasonable"). To be sure, as "part of the

breach inquiry, the fact-finder may consider . . . whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee." *Id*. at 148. But that consideration must be undertaken by the fact-finder at trial, rather than by the trial court in awarding summary disposition under MCR 2.116(C)(10). Therefore, we reverse the trial court's summary disposition award and remand the case for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Anica Letica
/s/ Noah P. Hood